1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDEL DE JESUS SANCHEZ ESPINOZA, BOP #89638-198<br><br>Plaintiff,<br><br>v.<br><br>GARY AMOS; PATRICK AMOS; RALPH FISCHER; JORGE RAMIREZ; DOES 1-25, inclusive,<br><br>Defendants. | Case No. 07-CV-0640 JM (RBB)<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AS AMENDED BY THE COURT** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**PROTECTIVE ORDER**
**Case No. 07-CV-0640 JM (RBB)**

Case 3:07-cv-00640-JM-RBB   Document 41   Filed 07/23/08   PageID.248   Page 2 of 6

In formal discovery in the above-captioned case, Plaintiff has requested that the United States Attorney's Office for the Southern District of California ("the USAO") and the Department of Homeland Security ("DHS") produce certain documents that may or will concern DHS and/or Corrections Corporation of America employees, some of which may include confidential personnel information protected by the Privacy Act. In addition, Plaintiff has requested that certain materials be disclosed referencing various techniques and methods which, if disclosed, could compromise law enforcement efforts. Some documents which are responsive to discovery requests by the parties in this matter may also include private information such as criminal and immigration histories, Social Security numbers and A-numbers. For these reasons, the parties having stipulated to and submitted a joint motion for the entry of a protective order, and good cause appearing, **IT IS ORDERED THAT:**

1. This Protective Order is intended to protect the confidentiality of confidential, private or otherwise sensitive information produced by any of the parties to this case or any third-parties during the discovery process.

2. This Protective Order shall be applicable to and will govern the handling of Confidential Information. The term "Confidential Information" as used in this Order shall include all information protected by the Privacy Act and all evidence and information constituting or expressly disclosing any personal or private information of a sensitive nature or other data disclosing any law enforcement efforts. To the extent that the following contain Confidential Information, they will be subject to this Order:

    (a) Documents or electronically stored information produced in discovery and/or filed with the Court or any discovery referee;

    (b) Deposition transcripts and exhibits to those transcripts;

    (c) Written discovery requests and responses; and

    (d) Trial or hearing transcripts and settlement agreements.

3. Pursuant to 5 U.S.C. § 552a(b)(11), the Court finds the Confidential Information requested, i.e., the contact information for and/or other confidential personnel information concerning various agency employees, and sensitive law enforcement information as determined

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

**PROTECTIVE ORDER**
Case No. 07-CV-0640 JM (RBB)

1  by Defendants and/or DHS, is relevant under the standard provided by Fed. R. Civ. P. 26(b)(1) and, therefore, those materials may be disclosed. *See Laxalt v. McClatchy*, 809 F.2d 885, 888-90 (D.C. Cir. 1987).

4.    The Court further finds its review of this Protective Order is sufficient to protect the privacy interests of any affected individuals. *Id.*

5.    All Confidential Information may be designated by the party producing the Confidential Information by stamping it with the word "Confidential" if feasible. Where Confidential Information is produced in a form not appropriate for such stamp, such information shall be designated, and treated as, confidential and so marked.

6.    With respect to depositions, any counsel, acting in good faith, either at the time of the deposition or within thirty (30) days of the date of completion of the deposition transcript, may give notice to other counsel as to what portion of the deposition transcript or exhibits to it are to be treated as Confidential Information and handled in accordance with this Order; until thirty (30) days after the date of completion of the deposition transcript, counsel for all parties will treat the entirety of the deposition transcript and all of its exhibits as Confidential Information and will handle both in accordance with this Order.

7.    Any Confidential Information shall not be used for any purpose other than preparation and trial of this case or in connection with proceedings concerning settlement. For those purposes, Confidential Information may be disclosed to the following persons only:

(a)    Counsel for their respective parties or agency and their staff;

(b)    Bona fide employees of the parties or agency, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same;

(c)    The experts, investigators, consultants or others retained by the parties, while assisting in accomplishment of the aforementioned purposes, with disclosure only to the extent necessary to enable them to perform same;

(d)    Any person who gives testimony at trial; however, Confidential Information may not be thereafter retained by any such person;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

PROTECTIVE ORDER
Case No. 07-CV-0640 JM (RBB)

    (e)  The Court and any jury empanelled in this action.

8. Plaintiff's counsel, including their agents, will not disclose any Confidential Information to Plaintiff but may discuss the generalities of information contained therein, exclusive of names, addresses, telephone numbers or any other identifying information as to an individual, and exclusive of the particulars of sensitive law enforcement investigatory techniques and methods.

9. If counsel discloses Confidential Information to any experts, investigators, consultants or others retained by the parties, counsel shall advise such individual as to the contents, force, and effect of this Order, and obtain the person's signature on a copy of this Order.

10. Unless the USAO consents in writing to further disclosure, counsel shall not further disclose the information to persons or entities not listed in subparts (a) through (e) above without first obtaining an Order from the Court..

11. If the receiving party desires to disclose Confidential Information to a person or entity not listed in subparts (a) through (e), or if it disagrees with the confidentiality designation by the producing party, then the receiving party shall so notify counsel for the producing party in writing. Counsel for the producing party and the receiving party shall first try to resolve such dispute within five (5) business days after the receipt of the receiving party's notice. If the dispute cannot be resolved, the party seeking such disclosure, upon no fewer than three (3) business days' written notice to the producing person may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from the Court that the information is not properly designated or that such disclosure may take place because the need to such disclosure outweighs the producing party's interest in limiting the dissemination in the manner set forth in Paragraph 7 of this Order. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing person.

12. If counsel files with the Court any material(s) falling within the scope of this Order, counsel shall seek permission of the Court to file the material(s) under seal.

  Notwithstanding any other provision in this protective order, no items will be filed under

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

PROTECTIVE ORDER
Case No. 07-CV-0640 JM (RBB)

1   seal without a prior application to, and order from, the judge presiding over the hearing or trial.
2   Only when the judge presiding over the hearing or trial permits filing an item or items under seal
3   may confidential material filed with the Court be filed in a sealed envelope or other container
4   marked on the outside with the caption of this action and the following statement:
5            "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"
6   If any person fails to file protected documents or information under seal, any party to this lawsuit
7   may request that the Court place the filing under seal.
8          Whenever the Court grants a party permission to file an item under seal, a duplicate
9   disclosing all nonconfidential information shall be filed and made part of the public record.  The
10  item may be redacted to eliminate confidential material from the public document.  The public
11  document shall be titled to show that it corresponds to an item filed seal, e.g., "Redacted Copy of
12  Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and
13  redacted documents shall be filed simultaneously.
14         13.    At the conclusion of this litigation, including all appeals from any decision of the
15  district court, all materials subject to this protective order shall be returned to the USAO.
16         14.    The parties may provide by written stipulation for exceptions to this Protective
17  Order, and nothing in this Protective Order shall prevent any party or other person from seeking
18  modification of this Protective Order or from objecting to discovery that it believes to be
19  otherwise improper.
20         15.    The Court may change this stipulated protective order in the interests of justice or
21  for public policy reasons.
22         16.    In the event this Protective Order is not signed by the Court for any reason, the
23  parties and DHS agree that any documents designated "Confidential" will nevertheless (a) only be
24  used for purposes of this litigation, and that (b) no copies will be provided to witnesses other than
25  those identified in ¶ 7 (a) through (e) above who likewise agree that the documents will only be
26  used as outlined in this paragraph.  Counsel for both parties anticipate that if the Court denies the
27  parties' joint motion for entry of this Protective Order, they will move for reconsideration.  Until
28  the Court rules on such Motion for Reconsideration, the parties will abide by the terms of this

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

**PROTECTIVE ORDER**
Case No. 07-CV-0640 JM (RBB)

1  Protective Order.  If the motion is denied, this paragraph governs the parties' agreement.

3  Dated:  July 23, 2008

   /s/ Ruben Brooks

   Ruben B. Brooks
   Magistrate Judge of the U.S. District Court

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

PROTECTIVE ORDER
Case No. 07-CV-0640 JM (RBB)